Kline *v.* Cutter.

## MILLER KLINE

*v.*

## HAMPTON CUTTER.

A mechanics' lien-claim was entitled to priority over a mortgage on the premises, but owing to the carelessness of the county clerk in making up the record, the judgment on the lien-claim was entered as a *general* judgment, and hence the master, on the foreclosure of the mortgage, reported that the mortgage was a prior encumbrance. The mistake was not discovered by the holder of the judgment until after the sale on the foreclosure. The property was bought by the mortgagee.—*Held*, that the priority of the judgment could be established, and that complainant had not forfeited his right to redress through laches, the delay having been caused by his endeavor to obtain his just demand without resort to litigation.

Bill for relief. On final hearing on pleadings and statement of facts agreed upon, and proofs.

*Mr. B. A. Vail*, for complainant.

*Mr. G. R. Lindsay*, for defendant.

THE CHANCELLOR.

The complainant's claim for relief rests on the following circumstances: On the 11th of August, 1869, John T. Hewitt was the owner of certain real estate in Rahway. On that day he began to contract a debt with Ayres, Lufbery & Co., for which a lien could be maintained on that property under the mechanics' lien law. On the 23d of that month he gave a mortgage on the property for $3,000 and interest to Garret Berry, who subsequently assigned it to Hampton Cutter, the defendant in this suit. On the 10th of August, 1870, Ayres, Lufbery & Co. filed a lien-claim for the debt above mentioned, and on the same day issued a summons thereon. On the 31st of the same

month, a general and special judgment against Hewitt, as builder and owner, was ordered in the suit for $677, damages and costs, and entered in the minutes of the court accordingly, and on the same day a special and general *fieri facias* was issued.   On the 15th of April, 1871, Ayres, Lufbery & Co. assigned the judgment to Miller Kline, the complainant.   On the 18th of March, 1873, Cutter filed his bill in this court to foreclose his mortgage, making Kline a party defendant thereto on account of a mortgage he held on the premises, but not on account of his judgment, with respect to which Ayres, Lufbery & Co. were made defendants; the complainant's assignment thereof not being then on record.   The ticket served on Ayres, Lufbery & Co. stated that they were made parties because they had recovered a judgment against Hewitt; but according to the bill, they had recovered two, the judgment in question and another.   The defendant, by his bill in the foreclosure suit, claimed priority over both judgments.   Such claim was, however, by a merely formal allegation that his mortgage was entitled to priority over all the other encumbrances.   Kline did not answer, and a decree *pro confesso*, with an order of reference, was taken July 22d, 1873. Kline proved before the master the judgment, as entered in the minutes of the court, and the *fieri facias*, both of which were special as well as general.   The clerk of the circuit court, in making up the record of the judgment, had, however, by mistake (but Kline was not aware of the fact), recorded it as a general judgment only, and the master, therefore, reported that the defendant's mortgage was entitled to priority over it.   A final decree was entered accordingly, and on the execution issued thereon the property was sold, on the 16th of September, 1874, to Cutter for $1,105.   Kline did not discover the fact that his judgment had been postponed to the mortgage until he applied to the sheriff for payment, out of the proceeds of the sale of the mortgaged premises, of the amount due him on the judgment. The fact that it was merely through the mistake of the clerk that Cutter's mortgage had obtained priority over Kline's judgment was soon communicated to Cutter, and, in behalf of Kline, he was requested to convey the property to the latter, who

Kline *v.* Cutter.

offered to do all that equity required in the premises. Cutter held the matter under consideration for a long time, and when approached on the subject from time to time promised to give the matter his attention, but did not deny Kline's right to relief. After the sale, Kline applied to this court for relief, by petition in the foreclosure suit, and, on a suggestion from the court made thereupon, made application to the circuit court to correct the judgment. That application was denied, on the ground that equity was the proper forum. On the 16th of January, 1880, the bill in this cause was filed. That the complainant is entitled to relief, unless he has forfeited his claim to it by his laches, is extremely clear. Through a mistake (of which, as before stated, the complainant had no knowledge) made by the clerk of the circuit court in entering the judgment, the master, in the foreclosure suit, reported adversely to the complainant, postponing his judgment to the defendant's mortgage. The complainant, not being aware of the error of the clerk, presumed that due precedence had been accorded to his claim, and rested secure. The defendant thus obtained an advantage over him to which, in equity, he was not entitled, and which he ought not to be permitted to retain. This court will correct the mistake in the complainant's judgment by relieving him, as far as practicable, consistently with equity, from the consequences of it. *Story's Eq. Jur.* § *166; Loss* v. *Obry, 7 C. E. Gr. 52.* The defendant's counsel insists, however, that there was a fatal error in the proceedings in the lien-claim which debars the complainant from such relief, and that is the omission of the clerk of the circuit court to endorse on the lien-claim the date of the issuing of the summons. The error is amendable. *James* v. *Van Horn, 10 Vr. 353.* The defendant will not suffer unjustly if the amendment be made. He took his mortgage subject to the lien-claim. He took it only a few days after the first item of the lien-claim was contracted, and almost a year before the suit on the lien-claim was brought. Nor does the complainant appear to have forfeited his claim to the aid of this court by laches. He seems to have endeavored, for a long time, to obtain relief by an arrangement so as to render suit unnecessary, and only to have come to

this court when he found that he was unable to obtain relief otherwise. Again, the defendant's situation, with reference to the property, does not appear to have changed since the sale. The complainant's debt will be decreed to be a lien upon the property, and, unless the defendant shall choose to pay it without sale, the property will be sold to pay the defendant, in the first place, the sheriff's execution fees of the foreclosure suit; and, in the next place, to the complainant the amount due to him on his judgment, after applying to those fees and the judgment any money which may be found due from the defendant for rents and profits of the property since the sale (for which the defendant must account); and, in the next place, the amount due the defendant on his mortgage. In view of the fact that it is only from the complainant's want of attention to the record of his judgment that this suit became necessary, no costs of this suit will be awarded to him; but none will be given against him.